IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HOLLY MCFARLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:17-cv-02204 |
| | ) |
| STRATFORD COMMONS REHABILITATION & HEALTH CARE CENTER, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S PARTIAL MOTION TO DISMISS
PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Stratford Commons Rehabilitation & Health Care Center, LLC ("Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and D. Kan. Local Rule 7.6, submits the following Memorandum in Support of its Partial Motion to Dismiss Portions of Plaintiff's First Amended Complaint.

**NATURE OF THE MATTER**

This is a wage and hour case. Plaintiff Holly McFarland ("Plaintiff") claims she was an hourly employee of Defendant, and is entitled to unpaid straight time and overtime. Defendant is a short-term and extended stay rehabilitation and health care community. It hired Plaintiff in August 2016 as the Assistant Director of Nursing to assist the Director of Nursing in planning, organizing, developing and directing the day-to-day functions of Defendant's Nursing Services Department. After she was terminated in December 2016, Plaintiff sued Defendant in Johnson County District Court and Defendant removed the action to this Court.

Plaintiff's original Complaint purported to bring claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for herself and "all others similarly situated," and for

1

recovery of her allegedly unpaid wages pursuant to the Kansas Wage Payment Act, K.S.A. § 44-312, *et seq.* ("KWPA"). She also asserted a quantum meruit count for alleged "off the clock" work, and a breach of contract claim for "an agreement with the Defendant concerning her employment to be compensated at an hourly rate." After Defendant filed its original Partial Motion to Dismiss, Plaintiff filed her First Amended Complaint, removing any allegations or assertion of collective or class claims. Despite her amendments, however, Plaintiff's quantum meruit (Count III) and breach of contract (Count IV) claims continue to fail to assert proper claims, as more fully explained below. In addition to filing an answer and asserting its affirmative defenses, Defendant also brings this renewed Partial Motion to Dismiss Portions of Plaintiff's First Amended Complaint.

## QUESTIONS PRESENTED

1. Should Plaintiff's quantum meruit claim be dismissed as duplicative of, and preempted by, the FLSA, or because she has an adequate remedy at law through her KWPA claim?

2. Should Plaintiff's breach of contract claim be dismissed because she has not alleged sufficient facts regarding the existence of the agreement, or because the claim is duplicative of, and preempted by, the FLSA?

## ARGUMENT AND AUTHORITIES

### A.   Standard for Dismissal of Claims

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court introduced the new standard for pleadings and stated a complaint should now include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. While a court must accept as true all factual allegations in a complaint, this requirement is inapplicable to legal conclusions. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 556).

"'Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."'" *Hooper v. Millennium Rail, Inc.*, No. 14-2398-CM, 2014 WL 6895930, *1 (D. Kan. Dec. 5, 2014) (quoting *Iqbal*, 556 U.S. at 679 (internal quotations and citation omitted)). "Legal conclusions must be supported by factual allegations; only then can the court assume the veracity of the facts and determine whether those facts plausibly entitle a plaintiff to relief." *Id.* (citation omitted).

> **B.  Count III of Plaintiff's Complaint Should be Dismissed to the Extent She Seeks to Recover Overtime Wages, and Because an Adequate Remedy at Law is Available for Any Other Allegedly Unpaid Wages**

Count III of Plaintiff's First Amended Complaint asserts a claim for quantum meruit based on the allegation that "Plaintiff regularly worked off the clock, both before and after her recorded shifts, without being compensated for this time." *See* Doc. 14, ¶ 34, pg. 5. Defendant denies Plaintiff was paid hourly or that it agreed to pay her on an hourly basis. Nevertheless, from Plaintiff's allegations, it is difficult to discern whether she seeks to recover unpaid overtime wages, or whether she claims she performed unrecorded, uncompensated work that did not result in her exceeding 40 hours per week. In either case, Plaintiff's quantum meruit claim should be dismissed.

To the extent a quantum meruit or unjust enrichment claim is merely duplicative of an FLSA claim, the quantum meruit claim is preempted by the federal statute. *Tommey v. Computer Sciences Corp.*, No. 11-cv-02214-EFM-GLR, 2013 WL 1000659, at *2-3 (D. Kan. Mar. 13, 2013). *See also Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 491 (D.N.J. 2014) (finding an unjust enrichment claim predicated upon the defendants' alleged failure to provide

compensation at the appropriate overtime rate was preempted by the FLSA) *and Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 470 (E.D.N.Y. 2011) (dismissing breach of contract and unjust enrichment claims to the extent they merely seek overtime wage compensation, and are not based on anything other than the FLSA). If the allegedly uncompensated time that is the subject of Plaintiff's quantum meruit claim is unpaid overtime wages, Count III is merely duplicative and is preempted by the provisions of the FLSA.

As noted in *Tommey*, courts have allowed a quantum meruit or breach of contract claim to proceed *if* the claim seeks something more than the FLSA can provide. *Tommey*, 2013 WL 1000659 at *2. For example, in *Hammond v. Lowe's Home Centers, Inc.*, 316 F. Supp. 2d 975 (D. Kan. 2004), the plaintiffs sought payment for unpaid wages for five years preceding their filing, which was "overtime pay in excess of the two and three year FLSA limitation periods contained in 29 U.S.C. § 255(a)." *Id.* at 979. In this case, however, Plaintiff alleges she only "worked for Defendant from August 2, 2016 to December 14, 2016." *See* Doc. 14, ¶ 5, pg. 2. Given the recent timeframe for Plaintiff's employment, any claims for unpaid overtime compensation would necessarily fall under the FLSA's two or three year limitations period. She has no claim to unpaid compensation from Defendant prior to the limitations period that might support a separate quantum meruit claim.

To the extent Plaintiff asserts Count III to encompass unrecorded and unpaid wages that do not fall under the FLSA, she has an adequate remedy at law through her KWPA claim in Count II. *See* Doc. 14, pgs. 4-5. Under Kansas law, equitable remedies such as quantum meruit are not available if there is an adequate remedy at law. *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1188 (D. Kan. 2011) (citing *Nelson v. Nelson*, 288 Kan. 570, 597, 205 P.3d 715 (2009)). If the unrecorded, uncompensated time alleged in Count III of Plaintiff's Complaint does not constitute

4

overtime wages under the FLSA, then any allegedly unpaid wages may be recovered pursuant to the KWPA. Thus, Plaintiff's adequate remedy at law exists through her KWPA claim, and her equitable claim seeking the same relief should be dismissed. *See Rukavitsyn v. Sokolov Dental Laboratories, Inc.*, No. 2:12-cv-02253-JAR, 2012 WL 3066578, at *6 (D. Kan. Jul. 27, 2012).

Plaintiff's allegations in Count III remain ambiguous as to whether she seeks purportedly unpaid overtime compensation, wages for allegedly unrecorded time, or perhaps both. Regardless, her quantum meruit claim fails because it is either duplicative of and preempted by the FLSA, or unnecessary due to the adequate remedy at law provided by her KWPA claim. For either or both of these reasons, the Court should dismiss Count III of Plaintiff's Complaint.

### C. Count IV of Plaintiff's Complaint Does Not Allege Facts Plausibly Suggesting the Existence of the Employment Agreement Claimed to Have Been Breached and Should be Dismissed as it is Duplicative of and Preempted by the FLSA

In Count IV of her Complaint, Plaintiff alleges she "had an agreement with the Defendant concerning her employment to be compensated at an hourly rate." *See* Doc. 14, ¶ 38, pg. 6. The only potential detail Plaintiff provides elsewhere in her Complaint regarding the alleged agreement is that she "was to be paid $36.00 per hour." *Id.* at ¶ 6, pg. 2.

Count IV of Plaintiff Complaint fails to state a claim because she does not allege facts plausibly suggesting the existence of any agreement. In *Rukavitsyn*, the court noted the plaintiffs' allegation "that they 'entered into employment agreements whereby they were to be paid an hourly rate.'" *Rukavitsyn*, 2012 WL 3066578 at *7. The court dismissed the plaintiffs' breach of contract claim, finding their "bare assertion that Defendant agreed to pay them by the hour does not suffice without further factual enhancement." *Id.* "No allegation is made concerning whether Plaintiffs were ever paid by the hour in reality, the identity of the person who promised to pay Plaintiffs by

the hour, whether such promise was written or oral, or any other circumstances or conduct that would give rise to the plausible inference the alleged agreements existed." *Id.*

Plaintiff's breach of contract claim in this case suffers from the same deficiencies as the plaintiffs' claim in *Rukavitsyn*. Despite amending her pleading, the First Amended Complaint continues to offer nothing more than a plain, conclusory statement that Plaintiff and Defendant entered into an agreement that she would "be compensated at an hourly rate." *See* Doc. 14, ¶ 38, pg. 6.  There are no details regarding when or how the agreement was made, which individual at Defendant communicated the offer to Plaintiff, whether the alleged offer was communicated in writing, or whether the agreement provided Plaintiff with any additional rights, benefits, or protections above and beyond those afforded by the FLSA.  The complete lack of detail regarding the purported contract is fatal to Plaintiff's breach of contract claim, and Count IV of her Complaint should be dismissed.

Even if the Court finds Plaintiff has adequately pled the details regarding the alleged agreement's formation, her breach of contract count should still be dismissed.  It is true that "an employer may establish contractual rights to overtime or other payments that exceed the FLSA's mandate, *see* 29 C.F.R. § 553.223(b), and an employer may be held liable for breach of contract if a plaintiff establishes a right to such payment in a contract independent of the FLSA." *Hammond*, 316 F. Supp. at 979 (citing *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1348 (11th Cir. 1994)). For example, "[a]n employer can contract to provide more protection against uncompensated overtime than FLSA requires." *Id.* (citations omitted).  That protection can take the form of a promise to pay for a longer time period than the FLSA's limitations period, or a promise to pay double time rather than time-and-a-half for overtime. *Id.* (citing *Albee v. Village of Bartlett, Ill.*, 861 F. Supp. 680, 691 (N.D. Ill. 1994)).

6

In this case, however, Plaintiff has not pled any details regarding the alleged agreement that would provide her with more protection than the FLSA requires. As noted above, due to Plaintiff's very recent period of employment with Defendant (August 4, 2016 to December 14, 2016), it is not possible any alleged agreement with Defendant could constitute a promise to pay for a longer time period than the FLSA's limitations period. *See Hammond*, 316 F. Supp. at 979 and Doc. 1, Ex. A, ¶ 5, pg. 4. Plaintiff also has not made any allegations that, even assuming Defendant had agreed to pay her on an hourly basis and at the rate of $36.00 per hour (which Defendant denies), Defendant promised to pay her anything more than time-and-a-half for overtime.

Plaintiff includes an additional allegation in her First Amended Complaint, stating "[t]o the extent that Plaintiff worked 'gap time' hours, or in the alternative, to the extent that Plaintiff worked in excess of 40 hours, but is exempted by the Fair Labor Standards Act, she was still an hourly employee, and is still due payment for all hours worked." *See* Doc. 14, ¶ 42, pg. 6. Defendant has asserted as affirmative defenses that Plaintiff is exempted from the FLSA pursuant to the learned professional exemption and/or the executive exemption. *See* Doc. 15, Affirmative Defenses, ¶¶ 3-4, pg. 6. To the extent the Court finds Plaintiff is exempted from the FLSA under either exemption, it will necessarily have determined that Plaintiff was compensated on a salary basis. *See In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1180 (10th Cir. 2005) (salary or fee basis required for learned professional exemption) *and Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1187-88 (10th Cir. 2015) ("an employee must be paid on a salary basis to satisfy the requirements of an 'executive' exempt from the statute's overtime requirements"). Thus, if the Court decides Plaintiff is exempted from the FLSA, then any alleged agreement to compensate Plaintiff on an hourly basis would not exist.

The purported contract described in Count IV of Plaintiff's Complaint does not provide any alleged contractual rights or benefits exceeding those provided by the FLSA. Plaintiff has provided no further detail regarding the terms of the alleged contract or its formation in her First Amended Complaint. Furthermore, the contingency she now provides related to a finding that she is exempt from the FLSA's requirements would automatically dispose of any alleged hourly employment agreement. Her breach of contract claim should be dismissed.

**D.     Conclusion**

Plaintiff's Complaint sets forth a bare minimum of factual allegations and boilerplate legal conclusions. Her inclusion of an ambiguous quantum meruit claim is unnecessary and superfluous. If those allegations encompass overtime wages they are duplicative of and preempted by the FLSA. If they address allegedly unrecorded, unpaid straight time wages, Plaintiff has already asserted an adequate remedy at law through her KWPA claim. Finally, Plaintiff provides almost no detail regarding the contract allegedly breached by Defendant. This lack of detail includes any alleged promises that would provide her additional protection above and beyond those given by the FLSA. For all these reasons, the Court should enter and order dismissing Count III and Count IV of Plaintiff's First Amended Complaint.

Respectfully submitted,



By    /s/ *Benjamin Prell*
      Matthew T. Geiger    KS # 19205
      Benjamin R. Prell    KS # 21244
      10000 College Boulevard, Suite 100
      Overland Park, Kansas 66210
      913-661-2430 (telephone)
      913-362-6729 (facsimile)
      mgeiger@geigerprell.com
      bprell@geigerprell.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

On July 5, 2017, I electronically filed this Memorandum in Support of Defendant's Partial Motion to Dismiss Portions of Plaintiff's First Amended Complaint with the Clerk of the Court using the CM/ECF system, which will provide notice of the filing to the following counsel of record:

Phillip M. Murphy, II
Law Office of Phillip M. Murphy, II
4717 Grand Avenue, Suite 250
Kansas City, MO 64112
Phillip@phillipmurphylaw.com

        /s/ *Benjamin Prell*
      Attorney for Defendant