IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOLLY MCFARLAND,

    Plaintiff,

    v.

STRATFORD COMMONS
REHABILITATION & HEALTH CARE
CENTER, LLC,

    Defendant.

Case No. 17-2204

## MEMORANDUM AND ORDER

Plaintiff Holly McFarland brings this action against defendant Stratford Commons Rehabilitation & Health Care Center, LLC, for unpaid wages under the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA"). Plaintiff also seeks relief under common law theories of quantum meruit and breach of contract. This matter is currently before the court on defendant's Partial Motion to Dismiss Portions of Plaintiff's First Amended Complaint (Doc. 16). Defendant argues that plaintiff's quantum meruit and breach of contract claims are duplicative of the FLSA and KWPA claims. Defendant also argues plaintiff failed to state a breach of contract claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth, the court grants defendant's motion in part and denies it in part.

### I.  Background

The following facts are alleged in plaintiff's Amended Complaint (Doc. 14) and are taken in the light most favorable to plaintiff. Plaintiff and defendant entered into an employment contract in which defendant hired plaintiff as a case manager. Plaintiff was to be paid $36.00 an hour. Plaintiff worked for defendant from August 2, 2016 until December 14, 2016. She claims she worked between

50-60 hours a week, but was only paid for 40 hours. She now seeks damages under the FLSA for unpaid overtime and for any unpaid wages under the KWPA. She also brings common law claims for breach of contract and quantum meruit.

## II. Legal Standards

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pled factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III. Analysis

### a. Quantum Meruit Claim

Defendant moves to dismiss plaintiff's quantum meruit claim arguing it is duplicative of her FLSA claim and is therefore preempted by the FLSA. Defendant further claims that plaintiff has an adequate remedy under the KWPA for any unpaid wages that do not fall under the FLSA, and therefore the quantum meruit claim should be dismissed.

The FLSA provides a cause of action for minimum wage and overtime claims. 29 U.S.C. §§ 206 and 207. The KWPA, on the other hand, "gives employees the right to receive their 'wages due' and concerns when and how those wages are paid out." *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d

1167, 1187 (D. Kan. 2011).  The KWPA does not provide any substantive rights; rather it "provides a very general state-law mechanism for enforcing the payment of wages earned by employees." *Larson v. FGX Intern., Inc.*, No. 14-2277-JTM, 2015 WL 1034334, *2 (D. Kan., Mar. 10, 2015).  Courts have allowed parties to bring claims under both the KWPA and the FLSA because—particularly at the motion to dismiss stage—parties are allowed to "state alternative claims in a complaint."  *See Tarcha v. Rockhurst Univ. Continuing Educ. Ctr., Inc.*, No. 11-2487-KHV, 2012 WL 1998782, * 3 (D. Kan., June 4, 2012) (noting that "[t]o the extent that plaintiffs' claims under the FLSA and KWPA are redundant, plaintiffs will be required to elect their remedies at some point later in this litigation."). Courts have also allowed parties to bring alternative claims for quantum meruit in unpaid wage cases. *See Tommey v. Computer Scis. Corp.*, No. 11-cv-2214-EFM-GLR, 2013 WL 1000659, *2 (D. Kan, Mar. 13, 2013).

In *Tommey*, the court allowed a quantum meruit claim to proceed past the motion to dismiss stage because the claim sought "something more than what the FLSA [could] provide—such as regular wages not paid at the contracted rate or 'gap time' wages."  2012 WL 1998782, at * 3.  In the present case, plaintiff brings claims under the FLSA for unpaid overtime wages and under the KWPA for unpaid "gap time" hours or "in the alternative, to the extent that Plaintiff worked in excess of 40 hours, but is exempted by the Fair Labor Standards Act, she was still an hourly employee, and is still due payment for all hours worked."  (Doc. 14, at 5.)  Plaintiff also brings a claim for quantum meruit, stating she "regularly worked off the clock, both before and after her recorded shifts, without being compensated for this time."  (*Id.*, at 5.)  Plaintiff has not pled any facts in regard to her quantum meruit claim that would entitle her to additional relief beyond what is available in the FLSA and KWPA. Because plaintiff has adequate remedies at law, she is not entitled to equitable relief.  *See Rukavitsyn v. Sokolov Dental Labs., Inc.*, No. 2:12-cv-2253-JAR, 2012 WL 3066578, *6 (D. Kan., July 27, 2012)

(dismissing plaintiff's quantum meruit claim because an adequate remedy at law was available under the KWPA). The court therefore dismisses plaintiff's quantum meruit claim.

### b. Breach of Contract Claim

Defendant argues plaintiff's breach of contract claim should be dismissed for failure to state a claim because she did not allege any facts to plausibly suggest the existence of an employment agreement. Defendant claims plaintiff's allegations regarding her employment contract are analogous to those in *Rukavitsyn*, in which the court dismissed the breach of contract claim for failure to state a claim. 2012 WL 3066578, at *7. In *Rukavitsyn*, the plaintiffs alleged they entered into an employment agreement under which they were to be paid at an hourly rate, but they did not specify their regular rate of pay. *Id.* at *1. Instead they claimed that defendant's advertisements in the newspaper indicated a compensation rate of ten dollars an hour. *Id.* The court dismissed the claim finding, "while Plaintiffs are not required to directly plead every element of an employment contract, the court must be able to reasonably infer the existence of some agreement to pay hourly wages where they allege such an agreement has been breached." *Id.* at *7. In other cases, however, the court has found that allegations of an employment contract in which the employer agreed to pay an "agreed hourly rate" were sufficient to support a claim of breach of contract regardless of the fact that the complaint did not specify the agreed hourly rate. *See Tommey*, 2012 WL 1998782, at * 3.

Unlike the "bare assertion that defendant agreed to pay [plaintiffs] by the hour" in *Rukavitsyn*, here, plaintiff has alleged she entered into a contract with defendant in which defendant agreed to pay her $36.00 per hour. At this point, plaintiff has alleged enough to support a breach of contract claim.

Defendant also argues that plaintiff's breach of contract claim should be dismissed as duplicative of her FLSA claim because plaintiff has not alleged any facts that would establish she was owed any additional protections in the employment agreement above and beyond those already

provided by the FLSA. Plaintiff, however, has claimed that to the extent she worked "gap time" hours or is FLSA-exempt, she is still owed payment for all hours worked. A breach of contract claim provides a remedy at law. *See Rukavitsyn*, 2012 WL 3066578, at *6 (citing *J.R. Simplot v. Chevron Pipeline Co.*, 563 F.3d 1102, 1115 (10th Cir. 2009)). Plaintiff, therefore, may seek damages under a breach of contract theory at this stage in the litigation. The court is unable to determine at this time whether the claim is duplicative of plaintiff's FLSA or KWPA claim. Defendant's motion to dismiss plaintiff's breach of contract claim is therefore denied.

**IT IS THEREFORE ORDERED** that defendant's Partial Motion to Dismiss Portions of Plaintiff's First Amended Complaint (Doc. 16) is granted in part and denied in part. Plaintiff's quantum meruit claim (Count III) is dismissed.

Dated October 20, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**